UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-20707-KING

OSCAR RUEDA-ROJAS,

    Plaintiff,

v.

JOHN E. POTTER,
Postmaster General, United States Postal Service,

    Defendant.
_____/

**ORDER OF DISMISSAL**

    THIS CAUSE comes before the Court upon the Motion to Dismiss filed by Defendant United States, on behalf of John E. Potter, Postmaster General of the United States Postal Service (DE #12) on June 21, 2009. Because this Court has no jurisdiction over the subject matter of Plaintiff's First Amended Complaint, Defendant's Motion to Dismiss is granted.

**I. Procedural History**

    Plaintiffs' filed his initial complaint on March 9, 2010 (DE #1). Plaintiff, after failing to effectuate proper service under the Federal Rules of Civil Procedures and given leave to re-serve Defendant, filed an Amended Complaint (DE #9) on June 14, 2010. On June 21, 2010, Defendant filed a Motion to Dismiss (DE # 12) and a supporting Memorandum (DE #13). Plaintiff has failed to file a response to Defendant's Motion to Dismiss.

## II. Background

In the First Amended Complaint, which is the operative pleading in this matter, Plaintiff alleged that he had been subject to retaliatory termination for protected activity in violation of Title VII.[1] (First Am. Compl. ¶¶13-15). In short, Plaintiff claims that he applied for a position as a Casual City Mail Carrier with the United States Postal in or around May 2005. (First Am. Compl. ¶7). Plaintiff alleges that he satisfied all job requirements and was given an offer of employment, for which he was to begin training on June 2, 2005. (First Am. Compl. ¶7). Plaintiff alleges, however, that his training was postponed after Defendant learned that he had been diagnosed with an unnamed medical condition while serving in the military. (First Am. Compl. ¶8). In response, Plaintiff sought review of Defendant's action through the internal Equal Employment Opportunity ("EEO") office on or around July 7, 2005. Plaintiff's complaint languished without action for some time. (First Am. Compl. ¶¶9-11). Plaintiff subsequently became disillusioned with the internal process and eventually entered into a settlement agreement with Defendant on or about August 28, 2006, which required Plaintiff to withdraw his pending EEO complaint in exchange for future employment consideration. (First Am. Compl. ¶12). Soon afterward, Plaintiff was hired as a casual carrier in Miami, Florida. He was terminated from his position approximately three months later. (First Am. Compl. ¶13). After Plaintiff challenged the basis for his termination, he was reinstated and transferred to another work location within Miami-Dade County. Plaintiff claims that he was stigmatized upon arrival – presumably for his earlier complaints – and terminated on January 18, 2007. (First Am. Compl. ¶14). Plaintiff subsequently commenced review of his termination through the Equal Employment Opportunity Commission (No. 4h-330-0243-06).

---

[1] It must be noted that Plaintiff is appearing *pro se* and his Complaint is interpreted by this Court in as liberal a fashion as possible in accordance with Eleventh Circuit precedent. *See, e.g., Miller v. Donald*, 541 F.3d 1091, 1100

In this action, Plaintiff now alleges that Defendant's conduct constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*. Plaintiff seeks injunctive relief invalidating the settlement agreement entered into on August 28, 2006, as well as compensatory damages, costs, and any such further relief deemed appropriate by this Court.

### III. Legal Standard

The requirements of a motion to dismiss are well known: for the purpose of such a motion, "the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may only be dismissed if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable."). In arriving at its determination, a court must "limit[] its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### IV. Discussion

Defendant states three distinct bases for dismissal of the First Amended Complaint: 1) lack of subject-matter jurisdiction; 2) lack of temporal proximity between Plaintiff's protected activity and his subsequent termination; and 3) failure to state a claim for retaliation. Because

---

(11th Cir. 2008) (holding that *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed).

the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims, it makes no determination regarding the other bases for dismissal put forth by Defendant.

A. Lack of Subject-Matter Jurisdiction

As its first basis for dismissal, Plaintiff claims that this Court possesses no subject-matter jurisdiction over Plaintiff's claim. The crux of Defendant's argument is that, because of sovereign immunity, Plaintiff has no recourse to the federal court in this instance. Although Congress has waived sovereign immunity in Title VII suits, there has been no express waiver for the type of claims raised here by Plaintiff: monetary claims or claims for specific performance against the government for an alleged breach of a settlement agreement that purportedly settles a Title VII dispute. Def. Mot. to Dismiss 3-5. In support of its position, Defendant cites case law from other federal circuits. *See Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) (affirming lack of subject-matter jurisdiction); *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) ("Because neither the settlement agreement nor a statute allow [plaintiff] to sue the government for breach of the settlement agreement, [the] action was properly dismissed.").

As further basis for the supposed lack of subject-matter jurisdiction over Plaintiff's claim, Defendant points out that any claims for breach of a settlement agreement would fall within the exclusive jurisdiction of the United States Court of Federal Claims. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the United States Court of Federal Claims has exclusive jurisdiction over any claims for breach of contract over $10,000. *See Knight v. Mueller*, No. 08-CIV-23478, 2010 WL 375621, *5 (S.D. Fla. Jan. 26, 2010) (recognizing exclusive jurisdiction of Court of Federal Claims); *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986) (same). While the Tucker Act does not create a substantive cause of action, it does permit a plaintiff to identify a separate

4

substantive basis for recovery. *Bd. of Trustees of Bay Med. Center v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1374 (Fed. Cir. 2006).

It is clear here that Plaintiff is seeking recovery through Title VII. In his First Amended Complaint, Plaintiff necessary relies upon the August 28, 2006 agreement entered into by Plaintiff and the United States, in which the government promised not to retaliate against Plaintiff for his protected activity in filing a complaint with Defendant's EEO office. (First Am. Compl. ¶¶9-14). Plaintiff quite simply alleges that Defendant's subsequent actions against him resulted from his protected activity. (First Am. Compl. ¶¶13-14). Paragraph 17 of Plaintiff's Complaint is representative: "The actions of [D]efendant were taken in retaliation against [P]laintiff, in violation of 42 U.S.C. 2000 …"

Case law mandates that Plaintiff's claim must be dismissed for lack of subject-matter jurisdiction.[2] A case cited by Defendant is dispositive of the issue. In that case, *Brown v. United States*, 271 F. Supp. 2d 225 (D. D.C. 2003), an employee of the United States Department of Agriculture complained to the department's EEO office that she was a victim of employment discrimination. *Brown,* 271 F. Supp. 2d at 226-27. She later settled her claim by entering into a settlement agreement. *Id.* When the defendant in that case later allegedly breached the settlement agreement, plaintiff brought suit in district court. *Id.* at 227. On appeal of dismissal, the D.C. Circuit held that "[i]n order for [plaintiff] either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement. And because this contract question arises in a suit against the United

---

[2] While the Plaintiff's first Amended Complaint does not allege that it is for an amount exceeding $10,000, the Court takes judicial notice of Plaintiff's desire for all appropriate remedies under Title VII, including back pay, compensatory damages, and equitable relief. (First Am. Compl. ¶2, Prayer for Relief (d)-((g)). Such relief, considering the necessity of federal minimum wage, would far exceed the $10,000 requirement to give the United States Court of Federal Claims exclusive jurisdiction and is therefore judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.").

States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims." *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004). *See also Schmidt v. Shah*, 696 F. Supp. 2d 44, 60-63 (D.D.C. 2010) (same). Considering the similarity between *Brown* and the above-styled action, it is clear that dismissal is appropriate here as well.

The Court therefore finds that Defendant's other proposed bases for dismissal are mooted by the Court's determination regarding its lack of subject-matter jurisdiction over Plaintiff's claim.

## V. Conclusion

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion for Order of Dismissal (DE #12) be, and the same hereby is, **GRANTED.**

2. The above-styled action is **DISMISSED.**

3. Plaintiff is advised that the proper court of review for the allegations stated within his First Amended Complaint is the United States Court of Federal Claims.

4. The clerk is ordered to **CLOSE** the case and **DENY** any pending motions as **MOOT.**

**DONE** AND **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 26th day of July, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

Cc:

**Plaintiff** *pro se*
Oscar Rueda-Rojas
1735 W. 56th Terrace
Hialeah, Florida 33012
(305) 389-8974

**Counsel for Defendant United States Postal Service**
Christopher Macchiaroli, Esq.
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9420
(305) 530-7139 facsimile